# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Sergey F., | Case No. 0:18-cv-01276-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on Sergey F.'s Motion for Attorney Fees – Application for an Award of Fees under the Equal Access to Justice Act ("EAJA"). Mot., ECF No. 25. The motion asks the Court to approve attorney's fees in the amount of $14,025, plus $400 in costs, for a total award of $14,425. The Commissioner objects to the motion, arguing that its position was substantially justified and that the fees and costs sought by Mr. F is excessive. Def.'s Opp'n, ECF No. 32. For the reasons that follow, the motion is granted.

### *Background*

On September 27, 2019, the Court issued an Order granting Mr. F's motion for summary judgment. ECF No. 22. The Court found that the Administrative Law Judge ("ALJ") assigned to Mr. F's case impermissibly dismissed his treating providers' medical opinions. Specifically, the Court rejected each of the rationales the ALJ gave for steeply discounting the opinion provided by Registered Nurse Jennifer Wolfe, who has been largely responsible for Mr. F's psychiatric treatment for many years. Contrary to the ALJ's characterization, the Court concluded that: Nurse Wolfe's opinion was not in a check-the-box format unworthy of any deference; her treatment notes were not merely reflective of periodic treatment and medication adjustment; and her opinion was consistent with the other evidence in the record. In addition, the Court found that Nurse Wolfe's opinion was consistent with the opinion provided by Licensed Clinical Social

Worker David Schmitt, who provided Mr. F with psychotherapy for over a year. The ALJ's focus on short periods of improvement in Mr. F's functioning did not constitute substantial evidence supporting discounting the opinion evidence and denying Mr. F's application for benefits.

*Legal Standard*

If a Social Security claimant prevails in federal litigation, he or she may recover fees under the EAJA if the Commissioner's position was not substantially justified and several other conditions are met.[1] *See Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The Commissioner has the burden of showing that the denial of benefits was substantially justified. *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003); *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). This means the Commissioner must show that its position has a reasonable basis in both law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The mere fact that the Commissioner has lost on the merits of a Social Security appeal does not mean that its position lacked substantial justification. *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (discussing the difference between the "substantial evidence standard" for review of a denial of benefits and the substantial justification standard under the EAJA).

Only "reasonable fees and expenses" may be awarded to a prevailing party. 28 U.S.C. § 2412(b). The ultimate amount of an award is within the district court's discretion. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

*Substantial Justification*

The Commissioner argues that its position was substantially justified for two overarching reasons. First, he asserts that it was reasonable to defend the ALJ's rejection of Nurse Wolfe's opinion based on its "cursory nature," which Mr. F's attorney "surely knew … could produce weak evidence." Def.'s Opp'n at 3. The Court finds the Commissioner's position on this issue was not substantially justified. As noted in the

---

[1] There is no dispute that Mr. F is a prevailing party, that his net worth is less than $2 million, or that his application for fees is timely or otherwise procedurally appropriate. Therefore, the Court does not address such uncontested issues.

2

Court's summary-judgment Order, the form used was "neither conclusory nor unexplained," and Nurse Wolfe provided written explanations for the findings reflected in the checkboxes on the form. ECF No. 22 at 9–10.

Second, the Commissioner argues that it was reasonable to defend the denial of benefits based on the existence of evidence in the record that supported the ALJ's findings that Nurse Wolfe's opinion was inconsistent with her own treatment notes and the record as a whole. Def.'s Opp'n at 3–5. The Court rejected the Commissioner's arguments at summary judgment because it was "clear that Nurse Wolfe's treatment notes are far more than just periodic adjustments," and instead represented a "lengthy, in-depth, and frequent treatment relationship…." ECF No. 22 at 10–11. Moreover, the Court found that her opinion was consistent with the overall record, and that the ALJ erroneously relied on only "short periods of improvement in Mr. F's functioning" that were insufficient to place his rejection of Nurse Wolfe's opinion within the reasonable zone of choice. *See id.* at 11. Based on these conclusions, the Court concludes that the Commissioner's position was not clearly reasonable because it was not well founded in fact. *Lauer*, 321 F.3d at 764 ("The standard is whether the Secretary's position is 'clearly reasonable, well founding in law *and fact*, solid though not necessarily correct.'") (citation omitted).

For these reasons, the Court finds that the Commissioner has failed to carry his burden of showing that the denial of benefits in this case was substantially justified. Therefore, an award of reasonable attorney's fees and costs is appropriate.

### *Reasonableness of Fees Requested*

The Commissioner next argues that any award of EAJA fees should be reduced from the amount Mr. F requests. Def.'s Opp'n at 6–11. Specifically, the Commissioner contends: (1) the hours claimed are excessive; (2) the issues were not overly complex and the record was not voluminous; and (3) the case did not demand specialized attorney knowledge or skill beyond that expected for an attorney practicing in the Social Security area. *Id.* at 7–9. The Commissioner points to specific time entries that reflect duplication of effort and others that combine actions that are clerical or routine with more substantive matters, thereby making it difficult to assess the reasonableness of the attorney's fees

claimed. *Id.* at 9–10. Finally, the Commissioner asserts that any award should be reduced because the time claimed for drafting a 10-page reply brief is excessive and Mr. F's counsel has used similar language in briefing filed in Social Security appeals for other clients. *Id.* at 10–11.

The Court concludes that the EAJA fees requested in this case should be reduced. In determining the reasonableness of fees by applying a lodestar method,[2] "courts need not, and indeed should not, become green-eyeshade accountants … [and] the determination of fees should not result in a second major litigation." *In re RFC*, 399 F. Supp. 3d 827, 842 (D. Minn. 2019) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)) (cleaned up).

With these observations in mind, the Court finds that the time claimed for certain tasks is excessive. For example, several of the entries reflect an unreasonable number of hours spent on drafting the briefs in this case. The entries that are either comprised entirely of drafting tasks or that include drafting as a component total 43 hours of attorney time. *See* Decl. of Stephanie Christel ("Christel Decl."), Ex. 3, ECF No. 26-3. The legal and factual issues in this matter were not especially complex, and the record was not particularly voluminous. Only 210 pages of the administrative file consisted of Mr. F's medical records, around which the dispute centered. Therefore, the Court finds that a reduction in the number of compensable hours is appropriate and the Court awards attorney's fees for 30 of these 44 hours of Ms. Christel's time.

Having otherwise reviewed the time entries, the Court finds that additional reductions are not warranted. In addition, the Court notes that the Commissioner does not object to Mr. F's request to recover the $400 in filing fee costs incurred. Accordingly, the Court awards attorney's fees for 53.15 hours of Ms. Christel's time, at a $200 per hour

---

[2] The lodestar calculation includes the number of hours reasonably expended multiplied by a reasonable hourly rate. Mr. F's counsel is requesting recovery of attorney's fees at a rate of $200 per hour for Stephanie Christel's time and recovery of $115 per hour of time spent by her paralegal, Melinda Klotz. The Commissioner does not object to these rates, and the Court finds that they are reasonable.

rate, and for 9 hours of Ms. Klotz's time at a rate of $115 per hour, for a total award of fees and costs of $12,065.[3]

Finally, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the award of fees in this case belongs to the litigant and is subject to a federal administrative offset if the prevailing party has outstanding debts to the federal government. *Id.* at 593. However, Mr. F has filed a declaration assigning his interest in the EAJA award to his attorneys, Paul A. Livgard and Ms. Christel of Livgard & Lloyd PLLP. Sergey F. Decl., ECF No. 27. Under these circumstances, the Court finds that payment of the fee award directly to Mr. F's counsel is appropriate. *See Dornbusch v. Astrue*, No. 09-cv-1734 (PJS/JJG), 2011 WL 779781, at *1 (D. Minn. Mar. 1, 2011) (finding that where the plaintiff filed an affidavit assigning her right to the EAJA award to her attorney, "paying the fee award (minus any offset) directly to Dornbusch's attorney *pursuant to her instructions* is not in any way inconsistent with *Ratliff*").

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Sergey F.'s Motion for Attorney Fees – Application for an Award of Fees under the Equal Access to Justice Act **[ECF No. 25]** is **GRANTED IN PART**;

2. Mr. F is awarded $12,065.00 in reasonable attorney's fees, subject to offset by any preexisting debt that Mr. F owes to the United States; and

3. The Commissioner shall pay the above-awarded fees, minus any applicable offset, to Livgard & Lloyd PLLP within 60 days of the date of this Order.

**Let Judgment be entered accordingly.**

Date: January 14, 2020

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

---

[3] Because the Court finds that this amount represents a reasonable award of fees and costs under the EAJA, it will not award additional fees and costs attributable to the filing of Mr. F's reply in support of the EAJA motion.